IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RHIANNON MONTOYA,

    Plaintiff,

vs.                          Cause No. 1:16-CV-00253 JCH/GBW

BOARD OF COUNTY COMMISSIONERS FOR
RIO ARRIBA COUNTY, RIO ARRIBA COUNTY
and LARRY DeYAPP, JOSE LUIS GALLEGOS
and ORLANDO ULIBARRI, in their individual
and official capacity,

    Defendants.

## ANSWER OF DEFENDANTS RIO ARRIBA COUNTY, RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS, LAWRENCE DEYAPP AND JOSE LUIS GALLEGOS TO AMENDED COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND VIOLATION OF CIVIL RIGHTS

COME NOW Defendants, Rio Arriba County, Rio Arriba County Board of County Commissioners, Lawrence DeYapp and Jose Luis Gallegos, by and through their counsel, Yenson, Allen & Wosick, P.C. (Robert W. Becker, appearing), and by way of answer to the Amended Complaint for Damages for Negligence and Violation of Civil Rights, state as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.    Defendants admit subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 but deny any acts or inactions that would confer liability under 42 U.S.C. § 1983. Defendants deny subject matter jurisdiction under the remaining statutory and constitutional citations alleged in Paragraph 1.

2.    Defendants admit the allegations of Paragraph 2.

3. Defendants admit the first sentence of allegations of Paragraph 3. Defendants admit that Rio Arriba County is a legal entity organized under the laws of the State of New Mexico but deny the balance of the allegations of the second sentence of allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5 as stated.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the fact of suit being filed against Lawrence DeYapp but deny the balance of the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit the fact of suit but deny the balance of the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants admit the fact of suit against Defendant Orlando Ulibarri but deny the balance of the allegations of Paragraph 11.

12. Defendants admit that the United States District Court for the District of New Mexico has subject matter jurisdiction.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit that venue is proper in the United States District Court for the District of New Mexico.

15. Defendants admit that subject matter jurisdiction and venue are proper in the United States District Court for the District of New Mexico but deny the balance of the allegations of Paragraph 15.

16. Defendants admit that venue is proper in the United States District Court for the District of New Mexico.

17. Defendants admit the allegations of Paragraph 17.

## II. GENERAL FACTS FOR ALL COUNTS

18. Defendants admit the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19 as stated but aver that at certain times mentioned in Plaintiff's Complaint, Plaintiff was incarcerated at the Rio Arriba County Adult Detention Center.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 35.  Defendants deny the second sentence of allegations of Paragraph 35.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43 but aver that Plaintiff was transferred to the Women's Correctional Facility in Grants, New Mexico as a convicted prisoner.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54 as stated.

55. Defendants deny the allegations of Paragraph 55 as stated.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants admit the fact of a statement on August 9, 2013 but deny the balance of the allegations of Paragraph 57.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

### COUNT I:  Damages for Negligence Under the New Mexico Tort Claims Act

60. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

61. The allegations of Paragraph 61 allege a conclusion of law, not facts, to which no response is required.  To the extent that the allegations of Paragraph 61 can be construed to allege facts, Defendants admit that assault and battery are enumerated acts for which sovereign immunity has been waived pursuant to § 41-4-12 of the New Mexico Tort Claims Act, but deny the balance of the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. The allegations of Paragraph 61 allege a conclusion of law, not facts, to which no response is required.  To the extent that the allegations of Paragraph 63 can be construed to allege facts, Defendants admit the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. The allegations of Paragraph 61 allege a conclusion of law, not facts, to which no response is required.  To the extent that the allegations of Paragraph 66 can be construed to allege facts, Defendants admit the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

**COUNT II: Cruel and Unusual Punishment in Violation
of the Due Process Clause of the Eighth and Fourteenth
Amendments of the United States Constitution and Article II
Section 13 of the New Mexico Constitution**

75. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

76. The allegations of Paragraph 76 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 76 can be construed to allege facts, Defendants admit the allegations of Paragraph 76 insofar as it pertains to any pretrial detainee or convicted prisoner status while at the Rio Arriba County Adult Detention Center.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

### COUNT III: False Arrest/Unreasonable Seizure in Violation of the Fourth Amendment to the United States Constitution and Article II Section 10 of the New Mexico Constitution

82. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

83. The allegations of Paragraph 83 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 83 can be construed to allege facts, Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86. The allegations of Paragraph 86 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 86 can be construed to allege facts, Defendants deny the allegations of Paragraph 86.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

# COUNT IV: Violation of Ms. Montoya's Right to Equal Protection of the Law Under the Fourteenth Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution

92. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

93. The allegations of Paragraph 93 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 93 can be construed to allege facts, Defendants deny the allegations of Paragraph 93.

94. Defendants deny the allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95 as stated.

96. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 97. Defendants deny the second sentence of allegations of Paragraph 97.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

### COUNT V: Cruel and Unusual Punishment in Violation of the Due Process Clause of the Eighth and Fourteenth Amendments to the United States Constitution and Article II, Sections 13 and 18 of the New Mexico Constitution (DeYapp)

104. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

105. The allegations of Paragraph 105 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 105 can be construed to allege facts, Defendants deny the allegations of Paragraph 105.

106. The allegations of Paragraph 106 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 106 can be construed to allege facts, Defendants admit the allegations of Paragraph 106.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

### COUNT VI: False Arrest/Unreasonable Search and Seizure in Violation of the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution (DeYapp)

113. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

114. The allegations of Paragraph 114 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 114 can be construed to allege facts, Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

**COUNT VII: Violation of Plaintiff's Right to Equal Protection
of the Law Under the Fourteenth Amendment to the United States
Constitution and Article II, Section 18 of the New Mexico Constitution (DeYapp)**

121. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

122. The allegations of Paragraph 122 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 122 can be construed to allege facts, Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123.

124. Defendants deny the allegations of Paragraph 124 as stated.

125. Defendants deny the allegations of Paragraph 125.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants deny the allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

### COUNT VIII: Violation of Substantive Due Process:
### Inhumane Conditions of Confinement/Inadequate Medical Care

132. Defendants repeat and reallege each and every answer to the previous allegations as if set forth at length herein.

133. The allegations of Paragraph 133 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 133 can be construed to allege facts, Defendants deny the allegations of Paragraph 133 as stated.

134. The allegations of Paragraph 134 allege conclusions of law, not facts, to which no response is required. To the extent that the allegations of Paragraph 134 can be construed to allege facts, Defendants deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136. Defendants deny the allegations of Paragraph 136.

137. Defendants deny the allegations of Paragraph 137.

138. Defendants deny the allegations of Paragraph 138.

139. Defendants deny the allegations of Paragraph 139.

140. Defendants deny the allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141.

142. Defendants deny the allegations of Paragraph 142.

143. Defendants deny the allegations of Paragraph 143.

144. There was no allegation recited in the Amended Complaint concerning Paragraph 144.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**: Plaintiff failed to exhaust her administrative remedies pursuant to the Prison Litigation Reform Act of 1995 and her claims must be dismissed without prejudice as a result thereof.

**SECOND AFFIRMATIVE DEFENSE**: Defendants Lawrence DeYapp and Jose Luis Gallegos are entitled to qualified immunity from suit as to all federal claims asserted against them.

**THIRD AFFIRMATIVE DEFENSE**: Defendants Lawrence DeYapp and Jose Luis Gallegos are entitled to the defense of qualified immunity or good faith as to all state law claims asserted against them, if any, as left open by the New Mexico Supreme Court in Romero v. Sanchez.

**FOURTH AFFIRMATIVE DEFENSE**: Plaintiff's Amended Complaint fails to state claims for municipal and supervisory liability and Defendants are therefore entitled to judgment on the pleadings as to said claims.

**FIFTH AFFIRMATIVE DEFENSE**: All claims of Plaintiff are barred by any applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**: Plaintiff fails to state Fourth and Fourteenth Amendment claims and Defendants are therefore entitled to judgment on the pleadings as to said claims.

**SEVENTH AFFIRMATIVE DEFENSE**: Any state law claims asserted against Rio Arriba County or the Board of County Commissioners for Rio Arriba County are barred due to Plaintiff's failure to comply the notice provisions of the New Mexico Tort Claims Act.

**EIGHTH AFFIRMATIVE DEFENSE**: Plaintiff's claim for attorneys' fees and punitive damages on her state law claims, if any, are not recoverable pursuant to the provisions of the New Mexico Tort Claims Act.

**NINTH AFFIRMATIVE DEFENSE**: Plaintiff fails to state claims for violation of the New Mexico Constitution as the New Mexico Tort Claims Act does not waive sovereign immunity for such claims, and Defendants are thus entitled to judgment to the pleadings as to said claims.

Defendants reserve the right to assert additional affirmative defenses based upon what subsequent discovery might reveal.

## JURY DEMAND

Defendants demand a jury on all issues so triable.

WHEREFORE, Defendants demand judgment dismissing all claims asserted against them with prejudice and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorney for Defendants Board of County Commissioners for Rio Arriba County, Rio Arriba County, Larry DeYapp and Jose Luis Gallegos*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 12th day of April, 2016, I filed the foregoing electronically through the CM/ECF filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel J. Sanchez, Esq.
Daniel A. Sanchez, Esq.
Sanchez Law Group, LLC
620 Roma, NW
Albuquerque, NM 87102
(505) 553-0466
djsanchezesq@gmail.com
dansanchez911@gmail.com
*Attorneys for Plaintiff*

*/s/ Robert W. Becker*