# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Gregory B. Wormuth
## United States Magistrate Judge

### Clerk's Minutes

### CIV 16-253 JCH/GBW

*Montoya v. Board of County Commissioners for Rio Arriba County, et al.*

**Date of Hearing:** 12/15/2016
(not recorded)

**Attorney for Plaintiff:**  Daniel J. Sanchez

**Attorney for County Defendants:**  Robert W. Becker

**Proceedings**:  Status Conference

*Start Time*:  1:30 p.m.
*Stop Time*:  1:39 p.m.
**Total Time:**  **9 minutes**

**Clerk**:  KMM

**Notes**:

- The Court made introductions.
- The Court stated that it had set this conference for the purpose of resolving the parties' dispute regarding which polygraph examiner will conduct Plaintiff's polygraph test.
- Mr. Becker addressed the assertion in Plaintiff's letter to the Court that Defendants' counsel had used Eric Lucero, Plaintiff's proposed polygraph examiner, as an expert in a prior case. Mr. Becker acknowledged that he was involved in a case in which Mr. Lucero was on the witness list, although he did not ultimately testify at trial. Mr. Becker clarified that Defendants do not oppose Mr. Lucero as the polygraph examiner because they believe him to

- be unqualified, but rather because Mr. Lucero's former boss was hired by Plaintiff as an expert in this case.  Mr. Becker added that Defendants' proposed polygraph examiner, Mark Handler, has impeccable credentials.
- The Court asked whether Plaintiff has any issues in particular with Mr. Handler as the polygraph examiner, and Mr. Sanchez confirmed that Plaintiff does not.  However, Mr. Sanchez stated that Plaintiff is more comfortable with someone from the local area who is familiar with the people and places at issue in this case.  Mr. Sanchez added that Plaintiff's expert informed Plaintiff's counsel of the connection between him and Mr. Lucero.
- The Court noted that the distinctions between the experts were not significant, and that either candidate would be a perfectly suitable choice to conduct the polygraph examination given their qualifications and experience.  The Court explained that two considerations nevertheless tipped the scales toward Defendants' proposed examiner: (1) Mr. Handler's resume is particularly outstanding in terms of his scholastic and educational upkeep with new developments in the constantly evolving field; and (2) an out-of-state examiner may be a better choice to ensure that the examination is purely objective and clinical, given that Mr. Lucero and the accused in the case were both involved in law enforcement in New Mexico.  The Court stated that it therefore had selected Mr. Handler to conduct the polygraph examination.
- The Court informed the parties that they should endeavor to schedule the polygraph examination in January, so that closing documents can be submitted by February.  The Court stated that it will schedule another status conference if the parties have not contacted the Court regarding the results by early February.
- The Court concluded the proceedings.